UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FAOUZI JABER,

                    Plaintiff,

        -against-                                    24-CV-0932 (LTS)

SABRINA SHROFF; FEDERAL DEFENDERS              ORDER OF DISMISSAL
OF NEW YORK, INC.,

                    Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who currently is incarcerated at FCI Gilmer in Glenville, West Virginia, brings

this action *pro se*, alleging "[c]onversion and theft of property, passports, and jewelry." (ECF

No. 1 at 2.) By order dated May 17, 2024, the Court granted Plaintiff's request to proceed *in

forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth in this

order, the Court dismisses Plaintiff's complaint.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are taken from Plaintiff's complaint. On April 5, 2016, Plaintiff was extradited from Prague, the Czech Republic, where a DEA Agent took possession of Plaintiff's passports and personal property, which included jewelry, watches, a gold writing pen, and various legal documents. DEA Agent Christina Hanley gave Plaintiff a receipt for the

2

property taken. During the criminal proceedings, the court ordered that Plaintiff's property be returned to Defendants, who were Plaintiff's counsel. He asserts that Defendant Shroff "executed a receipt for the items, including the three passports, one gold pen, jewelry, and legal documents." (ECF No. 1 at 4.) Plaintiff asserts further that Defendants are denying that the items are in their possession, and they refuse to make an accounting as to the location or disposition of the items. (*Id.*) Plaintiff attaches to his complaint a copy of a letter dated April 18, 2023 from the Federal Defenders of New York, Inc., indicating that they cannot find the passports, gold pen, or property receipts that Plaintiff requested. He brings this action seeking monetary damages for the value of the items that were not returned to him.

According to public records, Plaintiff pleaded guilty in *United States v. Jaber*, ECF 1:13-CR-0485 (CM) (S.D.N.Y. Feb. 2, 2018), to conspiring to provide material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B, and he was sentenced to 15 years' imprisonment. At the time of Plaintiff's arrest, his passports and other personal property, including jewelry, were seized. (ECF No. 1 at 7.) Plaintiff previously brought a motion seeking the return of his passports and personal property and, by memo endorsement dated November 9, 2022, Plaintiff's motion with respect to his passport was denied because his passport was returned to his counsel in 2017, and the motion with respect to his property was granted; the Government was directed to release Plaintiff's personal property, in its possession, to Plaintiff's counsel. See *United States v. Jaber*, ECF 1:13-CR-0485, 93 (CM) (S.D.N.Y. Nov. 9, 2022). On November 23, 2022, Plaintiff filed a reply to the Government submission regarding the return of his property, *see* ECF 1:13-CR-0485, 94. In response, the Government filed a letter reflecting that it had no record of Czech authorities handing over any jewelry at the time of Plaintiff's extradition, *see* ECF 1:13-CR-0485, 96. By memo endorsement dated February 21,

3

2023, Judge Colleen McMahon, the judge of this court who presided over his criminal case, noted that the Government does not have the property Plaintiff seeks and, as such, the court cannot order the Government to return the property. *See* ECF 1:13-CR-0485, 98. Judge McMahon ordered the matter closed and indicated that she would not accept further applications from Plaintiff regarding the return of the property. *Id.*

## DISCUSSION

### A.    Claims Under *Bivens*

Because Plaintiff alleges that employees of the federal government violated his constitutional rights, the Court construes Plaintiff's claims as arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [Section 1983]."); *Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (holding that district court properly construed Section 1983 claims brought against federal employee as arising under *Bivens*).

To state a claim for relief under *Bivens*, a plaintiff must allege facts plausibly showing that: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived Plaintiff of a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389).

### B.    Claims Against Defendants

A claim for relief under *Bivens* must allege facts showing that each defendant acted under the color of federal law. *Thomas*, 470 F.3d at 496. Assistant Federal Defender Sabrina Shroff, of the Federal Defenders of New York, Inc., represented Plaintiff in his criminal proceedings. Plaintiff asserts that Defendant Shroff signed a receipt for Plaintiff's property, and that

Defendants are denying that they have his property and refuse to give an accounting as to the location or disposition of his property.

Defendants are private parties who cannot, for purposes of *Bivens* claims for damages, be deemed government actors when acting as his defense counsel. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981) (public defenders do not act "under color of state law" in performing their functions as counsel to indigent defendants); *Olmeda v. Babbits*, No. 07-CV-2140 (NRB), 2008 WL 282122, at *7 (S.D.N.Y. Jan. 28, 2008) (holding that federal defender cannot be sued under Section 1983 or *Bivens*). Plaintiff therefore cannot state a *Bivens* claim for damages against these Defendants, and the Court therefore dismisses Plaintiff's claims. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.    Leave to Amend Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

### CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's motion to compel (ECF No. 5) and motion for return of property (ECF No. 4) are denied as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:    July 22, 2024
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

6